**Haynes and Boone, LLP**

**1221 McKinney Street, Suite 2100**

**Houston, TX 77010**

**http://www.haynesboone.com**
**Phone: 713.547.2000**
**Fax: 713.547.2600**
**Charles A. Beckham, Jr.**
**Kenric D. Kattner**
**Kourtney Lyda**
**Kelli Stephenson**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| Dune Properties, Inc. | Case No. 15-10338 |
| Debtor. | |

# STATEMENT OF FINANCIAL AFFAIRS

| | | |
|---|---|---|
| IN RE: | § | (CHAPTER 11) |
| | § | |
| DUNE ENERGY, INC.; | § | CASE NUMBER 15-10336 |
| DUNE OPERATING COMPANY; | § | CASE NUMBER 15-10337 |
| DUNE PROPERTIES, INC. | § | CASE NUMBER 15-10338 |
| | § | |
| . | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NUMBER 15-10336) |

## GENERAL NOTES, STATEMENT OF LIMITATIONS AND DISCLAIMER PERTAINING TO SCHEDULES AND SOFAs

On March 8, 2015 (the "*Petition Date*"), Dune Energy, Inc., Dune Properties, Inc. and Dune Operating Company, as debtors and debtors in possession (collectively, the "*Debtors*"), filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Western District of Texas (the "*Bankruptcy Court*"), Case Nos. 15-10336, 15-10337 and 15-10338. With the assistance of their Bankruptcy Court-appointed advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "*Schedules*") and the Statements of Financial Affairs (the "*SOFAs*" and together with the Schedules, the "*Schedules and SOFAs*") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate.

These General Notes, Statement of Limitations and Disclaimer Regarding Debtors' Schedules and Statements (the "*General Notes*") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

1. **Basis of Presentation.** For financial reporting purposes, the Debtors prepare consolidated financial statements that are filed with the Securities and Exchange

Commission (the "*SEC*").  Unlike the consolidated financial statements, these Schedules and Statements, except as indicated herein, reflect the assets and liabilities of each Debtor in its individual capacity.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*") nor are they intended to fully reconcile to the financial statements filed by the Debtors with the SEC.

1. **Accuracy.** While efforts have been made to ensure the accuracy of these Schedules and Statements, given the substantial undertaking in gathering the data contained in the Schedules and Statements, inadvertent errors or omissions may have occurred.  The Debtors do not make any representations or warranties as to the completeness or accuracy of the information set forth herein.

2. **Debtors' Rights.**  With respect to any claim or obligation of the Debtors described in the Statements and Schedules, the Debtors may have rights to offset, rights to a refund, counterclaims, defenses or other rights, which have not been specifically described herein.  These rights, by their nature, are generally unquantifiable and the Debtors have not attempted to describe or quantify these rights.  The failure to delineate such rights should in no way be construed as a waiver of such rights by the Debtors.

3. **Amendments.** While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements.  The Debtors reserve all rights to amend and/or supplement their Schedules and Statements as is necessary and appropriate.

4. **Summary of Significant Reporting Policies.**  The Schedules and Statements were prepared by the Debtors pursuant to certain standard reporting policies as follows:

   a. **Asset Presentation.**   It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of its assets.  Accordingly, unless otherwise indicated, net book values are reflected on the Debtors' Schedules and Statements.  For this reason, amounts ultimately realized will vary from net book value and such variance may be material.   Each asset of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' books and records, as of February 28, 2015.   The Debtors reserve their right to amend or adjust the value of each asset set forth herein.

   b. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the

Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. In addition, the amounts shown for liabilities exclude items identified as "Unknown" or "Undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

a. Intercompany Balances. Intercompany balances and interests in the Debtors are reported in the Schedules and Statements based upon information available to the Debtors as of February 28, 2015. Intercompany payables and receivables between Debtors have not been offset and are reflected separately in the Schedules and Statements.

b. **Estimates**. To close the books and records of the Debtors as of the Petition Date, management may have been required, in certain circumstances, to make estimates and assumptions that affect the reported amounts of assets and liabilities. The Schedules and Statements indicate when such estimates and assumptions have been made.

c. **Property and Equipment.** Owned property and equipment are listed at net book value. Additionally, all information set forth on the Schedules and SOFAs regarding owned equipment, merchandise and other physical assets of the Debtors is based upon the information set forth in the Debtors' books and records. The Debtors have not completed a physical inventory of any of their owned equipment, merchandise or other physical assets and any information set forth in the Schedules and SOFAs may be over or understated. Additionally, all property and equipment are presented without consideration of any mechanics' or materialmens' liens. Further, nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease, a real property interest or financing arrangement), and the Debtors reserve all their rights with respect to such issues.

d. **Leases.** The Debtors have not included in the Schedules and Statements any claim based on future obligations arising under any operating lease. To the extent that there is an amount past due under an operating lease as of the Petition Date, such claim has been included in the Schedules and Statements

e. **Claims Description.** Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its

Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors reserve the right to amend their Schedules or SOFAs as necessary or appropriate.

f. **Causes of Action.** Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve any and all of their rights with respect to any causes of action they may have, and neither these General Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

g. **Payment of Claims.** The Bankruptcy Court has entered certain orders authorizing the Debtors to pay certain pre-petition claims, including, but not limited to, certain claims held by employees, insurance, severance taxes, and royalty interest owners. Consequently, although such obligations were outstanding as of the Petition Date, a number of such obligations may have been paid as of the date of the filing of these Schedules and Statements, and therefore, may not be included.

h. **Totals.** All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

i. **Unliquidated Claim Amounts.** Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

5. **Insiders.** In the circumstances where the Bankruptcy Schedules require information regarding insiders or officers and directors, included herein are each Debtors' (a) directors (or persons in similar positions) and (b) authorized officers. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

6. **Litigation.** Some or all of the litigation claims included in the Schedules and Statements may be subject to subordination under Section 510 of the Bankruptcy Code.

7. **Schedule D—Creditors Holding Secured Claims.** Except as specifically stated herein, real property lessors, utility companies and other parties which may hold

security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule D.

8. **Schedule E—Creditors Holding Unsecured Priority Claims.** The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule E.

9. **Schedule F—Creditors Holding Unsecured Nonpriority Claims.** The liabilities identified in Schedule F are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not listed a date for each claim listed on Schedule F.

10. **Schedule G—Executory Contracts.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity,

status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim. The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtors have listed such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider. The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

11. **Specific Notes**.  These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

12. **General Reservation of Rights.**  The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**

In re:

Dune Properties, Inc.

       Debtor.

Chapter 11

Case No. 15-10338

# STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  Do not include the name or address of a minor child in this statement.  Indicate payments, transfers and the like to minor children by stating "a minor child."  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None,"  mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

    "In business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    "Insider."  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C.  § 101.

# STATEMENT OF FINANCIAL AFFAIRS

## SUMMARY

**1.**    Income from employment or operation of business

NONE

☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

   **SEE EXHIBIT S1**

**2.**    Income other than from employment or operation of business

NONE

☒    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3.**    Payments to creditors

   *Complete a. or b. as appropriate, and c.*

NONE

☒    a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

☒    b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

☒    c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

# STATEMENT OF FINANCIAL AFFAIRS

**4.** <u>Suits and administrative proceedings, executions, garnishments and attachments</u>

NONE

☐    a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**SEE EXHIBIT S4a**

NONE

☒    b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5.** <u>Repossessions, foreclosures and returns</u>

NONE

☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6.** <u>Assignments and receiverships</u>

NONE

☒    a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

☒    b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7.** <u>Gifts</u>

NONE

☒    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8.** <u>Losses</u>

NONE

☐    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**SEE EXHIBIT S8**

# STATEMENT OF FINANCIAL AFFAIRS

**9.**   Payments related to debt counseling or bankruptcy

NONE
[X]   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**10.**   Other transfers

NONE
[X]   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
[X]   b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11.**   Closed financial accounts

NONE
[X]   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12.**   Safe deposit boxes

NONE
[X]   List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13.**   Setoffs

NONE
[X]   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14.**    Property held for another person

NONE
[X]   List all property owned by another person that the debtor holds or controls.

## STATEMENT OF FINANCIAL AFFAIRS

**15.**  Prior address of debtor

NONE
[X]  If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

**16.**  Spouses and Former Spouses

NONE
[X]  If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17.**  Environmental Information

 For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site"  means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including,  but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

NONE
[ ]  a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and if known, the Environmental Law:

**SEE EXHIBIT S17a**

NONE
[X]  b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE
[X]  c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

# STATEMENT OF FINANCIAL AFFAIRS

**18.**  <u>Nature, location and name of business</u>

NONE

[X]   a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was a self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

NONE

[X]   b.  Identify any business listed in respect to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time. (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within  six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.) - - - - - - - - - - - -

**19.**  <u>Books, records and financial statements</u>

NONE

[ ]   a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**SEE EXHIBIT S19a**

NONE

[ ]   b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**SEE EXHIBIT S19b**

NONE

[X]   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

## STATEMENT OF FINANCIAL AFFAIRS

NONE

☐    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

**SEE EXHIBIT S19d**

**20.**    <u>Inventories</u>

NONE

☒    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

NONE

☒    b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21.**    <u>Current Partners, Officers, Directors and Shareholders</u>

NONE

☒    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NONE

☐    b.  If the debtor is a corporation, list all the officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

**SEE EXHIBIT S21b**

**22.**    <u>Former partners, officers, directors and shareholders</u>

NONE

☒    a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NONE

☒    b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

**23.**    <u>Withdrawals from a partnership or distributions by a corporation</u>

NONE

☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

**24.**    <u>Tax Consolidation Group.</u>

NONE

☐    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

**SEE EXHIBIT S24**

# STATEMENT OF FINANCIAL AFFAIRS

**25.**   <u>Pension Funds.</u>

NONE
[X]   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS

*(if completed on behalf of a partnership or corporation)*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date: April 7, 2015                                        Signature: _____

Continuation sheets attached:        9

Don Martin
Chief Restructuring Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-1
## INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

| PERIOD | AMOUNT |
|---|---|
| 2015 YTD (Unaudited) | $3,164,626.00 |
| 2014 (Unaudited) | $43,026,349.00 |
| 2013 | $55,508,766.00 |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-4a
## SUITS AND ADMINISTRATIVE PROCEEDINGS - WITHIN 1 YEAR

| CAPTION OF SUIT | CASE NUMBER | NATURE OF SUIT | COURT LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| D&D Cajun Ventures, LLC and Eileen H. Bauer V. Atlantic Richfield Company, et al. | No. 87694 | Pollution and Contamination of Property | 15th Judicial District Court for the Parish of Vermillion, State of Louisiana | Pending |
| Emerald Land Corporation v. Dune Properties, Inc. | No. 120467 | Mineral Lease Termination Dispute | 16th Judicial District Court for the Parish of St. Mary, State of Louisiana | Pending |
| Dan S. Collins, Marrian L. Pyle, and Dan S. Collins, CPL & Associates, Inc. v. Dune Energy Inc. | No, 89523 | Loss of Royalties and Interest thereon | 15th Judicial District Court for the Parish of Vermillion, State of Louisiana | Pending |
| Marcus Broussard Jr., et al. V. Martin Operating Partnership, LP et al. | No. 83406 | Loss of Leasing Opportunities and Loss of Royalties | 15th Judicial District Court for the Parish of Vermillion, State of Louisiana | Pending |
| Desiree Petitjean, et al. V. Atinum Operating, Inc., et al. | No. 201210664 | Contamination of Property | 15th Judicial District Court for the Parish of Acadia, State of Louisiana | Pending |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-8
## <u>LOSSES - WITHIN 1 YEAR</u>

| DESCRIPTION AND VALUE OF PROPERTY | | DESCRIPTION OF CIRCUMSTANCE | LOSS COVERED BY INSURANCE, GIVE SPECIFICS | DATE OF LOSS |
|---|---|---|---|---|
| Garden Island Bay, LA | | Oil Spill Clean Up | 140588.2 | 1/31/2014 |
| Garden Island Bay, LA | | Well Controll and Polution Clean Up | $1,643,014.59 ($1,333,943.10 covered by insurance) | 8/31/2014 |
| Garden Island Bay, LA | | Oil Spill Clean Up | 172107.05 | 12/31/2014 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-17a
### <u>ENVIRONMENTAL INFORMATION</u>
#### <u>Sites that have recieved notice from governmental units</u>

| SITE NAME | SITE ADDRESS | GOVERNMENTAL UNIT NAME | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| Garden Island Bay | Garden Island Bay, LA | United States Coast Guard | 08/28/2009 | Federal Water Pollution Control Act |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19a
### BOOKKEEPERS AND ACCOUNTANTS - WITHIN 2 YEARS

| NAME | ADDRESS | DATES SERVICES RENDERED | |
|------|---------|-------------------------|---|
| Frank T. Smith | 811 Louisiana Street, Suite 2300, Houston, TX 77002 | 4/17/2007 | Present |
| James A. Watt | 811 Louisiana Street, Suite 2300, Houston, TX 77002 | 4/17/2007 | Present |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-19b
### AUDITORS OR FINANCIAL STATEMENT PREPARERS- WITHIN 2 YEARS

| NAME | ADDRESS | DATES SERVICES RENDERED | | CONTACT NAME, IF FIRM |
|------|---------|------------------------|---|----------------------|
| Malone Bailey LLP | 9801 Westheimer Rd, Houston, TX 77042 | 2004 | Present | Jay Norris |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-19d
### FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| Bank of Montreal | Attn: Zoltan Szoldatits, 1 First Canadian Place, 23rd Floor, 100 King Street West, Toronto, Ontario M5X 1A1, Canada | |
| US Securities and Exchange Commission | 100 F Street, NE, Washington, D.C. 20549 | |

Financial Statements have been provided to Bank of Montreal and filed with the Securities and Exchange Commission.  Financial Statements, or portions thereof, have also been posted in an online due diligence data room for interested parties to review in conducting due diligence in evaluating the purchase of the Debtors or all or substantially all of the Debtors' assets.

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-21b
### OFFICERS, DIRECTORS AND SHAREHOLDERS - CORPORATIONS

| NAME | ADDRESS | TITLE | NATURE AND PERCENTAGE OF OWNERSHIP | |
|------|---------|-------|------|------|
| Dune Energy, Inc. | 811 Louisiana Street, Suite 2300, Houston, TX 77002 | Equity Owner | | 100.00% |
| Frank T. Smith Jr. | 811 Louisiana Street, Suite 2300, Houston, TX 77002 | Senior Vice President, Secretary and Director | | |
| James A. Watt | 811 Louisiana Street, Suite 2300, Houston, TX 77002 | President and Director | | |
| Richard H. Mourglia | 811 Louisiana Street, Suite 2300, Houston, TX 77002 | Senior Vice President - Land and Assistant Secretary | | |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-24
### TAX CONSOLIDATION GROUPS - WITHIN 6 YEARS

| NAME OF CORPORATION | TAXPAYER ID |
| --- | --- |
| Dune Energy, Inc. | 95-4737507 |