UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | (CHAPTER 11) |
| | § | |
| DUNE ENERGY, INC. | § | CASE NUMBER 15-10336 |
| DUNE OPERATING COMPANY | § | CASE NUMBER 15-10337 |
| DUNE PROPERTIES, INC. | § | CASE NUMBER 15-10338 |
| | § | |
| DEBTORS. | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NUMBER 15-10336) |

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR AN ORDER UNDER 11 U.S.C. §§ 330 AND 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 27, 2015

A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 18, 2015 AT 1:30 P.M. (CENTRAL TIME) IN COURTROOM NO. 2, 230 HOMER J. THORNBERRY FEDERAL JUDICIAL BUILDING, 903 SAN JACINTO BLVD, AUSTIN, TEXAS 78701.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

To THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors for the above-captioned bankruptcy estates (the "Committee") hereby moves to employ Conway MacKenzie, Inc. ("CM") as Financial Advisor to the Committee, effective as of March 27, 2015. In support of this Application, the Committee relies upon and incorporates the Declaration of Bryan M. Gaston in Support of its Application (the "Gaston Declaration"), attached hereto as **Exhibit A**. The Committee respectfully represents as follows:

1

McKool 1086880v3

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b) because it "arises under" the Bankruptcy Code, specifically 11 U.S.C. § 330 and 1103. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to enter final orders on this Application.

## BACKGROUND

2. On March 8, 2015, the Debtors commenced voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. On March 20, 2015, the United States Trustee appointed the Committee, comprised of three creditors, to represent the interests of unsecured creditors of the Debtor pursuant to Section 1102 of the Bankruptcy Code.

4. On March 27, 2015, the Committee selected CM because its financial advisors have substantial experience and knowledge in the field of debtors' and creditors' rights and because its financial advisors have handled numerous bankruptcy cases. Accordingly, the Committee believes that CM is well qualified to represent it in these proceedings.

## RELIEF REQUESTED

5. By submission of this Application, the Committee requests that the Court enter an order authorizing the Committee to employ and retain CM, effective *nunc pro tunc* to March 27, 2015, the date of the Committee's selection of CM to serve as its financial advisors, in accordance with the terms and conditions set forth in the engagement letter between the Committee and CM dated April __, 2015 (the "Engagement Letter"), attached hereto as **Exhibit B**.

2

## BASIS FOR RELIEF

6. The basis for the relief requested herein are Sections 330 and 1103 of the bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

7. The Committee seeks approval of the employment and retention of CM as its financial advisor in this bankruptcy case, effective as of March 27, 2015.

8. Section 1103 of the Bankruptcy Code provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

9. Section 1103(b) further provides:

> An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. § 1103(b).

10. Pursuant to Local Rule 2014(c), the Application has been filed within thirty (30) days of March 27, 2015, and is deemed contemporaneous. Accordingly, CM's retention should be granted *nunc pro tunc* to March 27, 2015.

11. CM has extensive experience in providing financial advisory services in connection with bankruptcy proceedings, and is particularly well qualified for the type of representation which is required by the Committee. CM is a financial advisory firm with a

3

McKool 1086880v3

broad-based practice, its members having substantial experience representing unsecured creditor committees. Accordingly, CM possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case.

12. CM will render financial advisory services within its expertise as requested by the Committee or its legal advisors McKool Smith, P.C.

13. The Committee requests that all fees and related costs incurred by the Committee on account of services rendered by CM in this case be paid as administrative expenses of the Debtors' estate in accordance with the Bankruptcy Code and applicable orders entered in this case.

14. Subject to the Court's approval, CM will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon CM's filing of appropriate applications for the allowance of interim and final compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court. The Committee requests that CM be compensated on an hourly basis and reimbursed for the actual, necessary expenses it incurs.

15. As required by Local Rule 2014(b)(1)(B), the contact information for CM is:

> Conway MacKenzie, Inc.
> Attn: Bryan Gaston
> 1301 McKinney, Suite 2025
> Houston, Texas 77010
> Phone: 713.650.0500
> Email: bgaston@conwaymackenzie.com

16. Currently, hourly rates CM's professionals range from $350 to $675. However, for this case, the rates for professionals used in the case will be discounted as set forth in the Gaston Declaration.

McKool 1086880v3

17. CM maintains records of any actual and necessary costs incurred in connection with the aforementioned financial advisory services. CM intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, but, pending such applications, CM requests payment of its fees and expenses in accordance with any interim compensation procedures order approved by the Court.

18. The Engagement Letter provides that the Debtors will indemnify, hold harmless and pay the reasonable out-of-pocket legal or other expenses of CM or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons") under certain circumstances, as described more specifically in Schedule 1 to the Engagement Letter (the "Indemnification Provisions").

19. Financial advisors seek indemnification for a variety of reasons. The performance of CM's responsibilities requires the exercise of professional judgment regarding difficult business and financial issues, as to which many persons may have diverse financial interests. CM intends to rely on the accuracy and completeness of the financial information and other information to be provided by the Debtors. CM may also be involved in negotiations and transactions in which the Debtors and/or the Committee direct that certain actions be taken. CM therefore seeks indemnification from the Debtors for liabilities and losses that arise out CM's engagement or provision of financial advisory services referred to in this Application and the Engagement Letter. However, in the event an Indemnified Person acts with gross negligence or willful misconduct, the estate will be entitled to recover amounts paid pursuant to the Indemnification Provisions.

20. The Committee and CM believe that the proposed Indemnification Provisions are customary and reasonable for financial advisory engagements, both out-of-court and in chapter 11 proceedings. Similar indemnification arrangements have been approved and implemented in this case with respect to the Debtors' financial advisor, Deloitte Transactions and Business Analytics, as well as in other large chapter 11 cases. *See, e.g., In re Pilgrim's Pride Corporation*, et al., Case No. 08- 45664 (Bankr. N.D. Tex. Jan. 9, 2009); *In re New Century TRS Holdings, Inc.*, Case No. 07- 10416 (Bankr. D. Del. April 26, 2007); *In re Foamex Int'l, Inc.*, Case No. 05-12685 (PJW) (Bankr. D. Del. Oct. 15, 2005); *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000), aff'd, 200 WL 1800690 (S.D.N.Y. Dec. 6, 2000).

21. The proposed Indemnification Provisions are also consistent with the standards that normally govern trustees and committees in chapter 11 cases. *See Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir. 1977) (holding that a trustee is "(a) not liable, in any manner, for mistake in judgment where discretion is allowed, (b) liable personally only for acts determined to be willful and deliberate in violation of his duties and (c) liable, in his official capacity, for acts of negligence."); *In re Chicago Pacific Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) (bankruptcy trustee can be personally liable only "for a willful and deliberate violation of his fiduciary duties"); *In re Hutchinson*, 5 F.3d 750, 752–53 (4th Cir. 1993) (collecting cases). Members of creditors' committees are also protected from liability in the absence of gross negligence. *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000). In fact, the Third Circuit has held that professional employed by creditors' committees similarly should be protected from liability in the absence of gross negligence. *Id.*

22. For these reasons, indemnification agreements are common market practice, both

6

McKool 1086880v3

inside and outside of bankruptcy cases, and it is the standard practice for firms like CM to obtain indemnities of the kind outlined in the Engagement Letter.

23. The Engagement Letter further provides that the Debtors agree to notify CM if they extends an offer of employment to an employee of CM working on this engagement ("CM engagement employee"). In recognition of the training, time, and other resources CM invests in the development of CM's employees, in the building of relationships between clients and CM employees, the loss of client billable time that is necessitated by the transition of client files from a departing employee to another employee, and the difficulty of placing a monetary value on these investments by CM, the Engagement Letter further provides that if the Debtors hire any CM engagement employee up to two years subsequent to the date of the final invoice rendered by CM for this engagement, the Debtors will pay CM a cash fee in the amount $1 million. Such cash fee shall be paid upon the Debtors' hiring of such CM engagement employee. The Engagement Letter does not prohibit the Debtors from making general solicitations for employment or from soliciting for employment any individuals who have ceased to be employees or agents of CM prior to such solicitation.

24. Except as may be stated herein and in the Gaston Declaration, CM, to the best of the Committee's knowledge, (a) does not represent any other entity in connection with this case, (b) is "disinterested" as that term is defined in Section 101 of the Bankruptcy Code, and (c) does not represent or hold any interest adverse to the interest of the Debtors' bankruptcy estate with respect to the matters for which it is to be employed. In addition, neither CM nor its professionals have any connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the Gaston Declaration.

McKool 1086880v3

25. CM will review its files periodically during the pendency of the case to ensure that no conflicts or other disqualifying circumstances exist or arise. If CM discovers any new relevant facts or relationships, it will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

26. CM has not entered into any agreements to share compensation as may be awarded to it for services rendered in this case, except as permitted under Section 504(b) of the Bankruptcy Code.

## PRAYER

**WHEREFORE**, the Committee respectfully requests that this Court authorize the Committee, pursuant to Section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to employ and retain Conway MacKenzie, Inc. in accordance with the terms hereof, effective as of March 27, 2015; and grant such other and further relief as the Court may deem just and proper.

Dated: April 26, 2015.

Respectfully Submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Crescent Energy Services, LLC, Chair

By: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States Bankruptcy Court for the Western District of Texas, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail, and was served on all parties listed on the Debtors most current Master Service List via U.S. first class mail, postage prepaid.

Basil A. Umari