# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | (CHAPTER 11) |
| | § | |
| DUNE ENERGY, INC. | § | CASE NUMBER 15-10336 |
| DUNE OPERATING COMPANY | § | CASE NUMBER 15-10337 |
| DUNE PROPERTIES, INC. | § | CASE NUMBER 15-10338 |
| | § | |
| DEBTORS. | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NUMBER 15-10336) |

**DECLARATION OF BRYAN M. GASTON IN SUPPORT OF COMMITTEE APPLICATION UNDER 11 U.S.C. §§ 330 AND 1103 AND FED. R. BANKR. P. 2014, FOR ORDER AUTHORIZING *NUNC PRO TUNC* RETENTION AND EMPLOYMENT OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISORS**

I, BRYAN M. GASTON, hereby declare (the "Declaration"), under penalty of perjury as follows:

I am a Managing Director at Conway MacKenzie, Inc. ("CM"), a restructuring and financial advisory firm, which maintains offices at 1301 McKinney, Suite 2025, Houston, Texas 77010.

I submit this declaration in connection with the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") to retain and employ CM as financial advisors for the Committee in the above-captioned cases, pursuant to Sections 330 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. I will supplement this Declaration if additional information becomes available during the pendency of these cases.

## CM'S RELATIONSHIP WITH THE DEBTORS AND COMMITTEE

1. I am not, nor is CM, an insider of any of the Debtors.[1] Neither CM nor I hold directly any claim, debt or other interest in any of the Debtors.

2. No member of CM has been, within two years from the Petition Date, a director, officer or employee of the Debtors as specified in subparagraph (C) of 11 U.S.C. § 101(14).

3. CM does not have an interest materially adverse to the interests of the Debtors' estate or of any class of creditors or equity security holders of the Debtors, by reason of any direct or in direct relationship to, connection with, or interest in, the Debtors.

## CM'S DISCLOSURE PROCEDURES

4. CM has a large and diversified financial advisory practice that has encompassed the representation of numerous parties in complex chapter 11 cases, as disclosed in more detail on the website of www.conwaymackenzie.com.

5. In preparing this Declaration, CM has undertaken a detailed search to determine, and to disclose, whether it is providing or has provided, services to any significant creditor, investors, insider or other party in interest in such unrelated matters. This search was performed in an effort to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules") regarding the retention of professionals by debtors under the Bankruptcy Code. I was personally involved in the detailed search referenced above, which involved the following actions to identify parties relevant to this Declaration and to ascertain CM's connection to such parties:

---

[1] Dune Energy, Inc., Dune Operating Company, and Dune Properties, Inc. (collectively, "Debtors").

(a) Based on lists provided by the Debtors and other information that I am aware of, the Committee's counsel McKool Smith, P.C. compiled a list of (i) the Debtors; (ii) the Debtors' professionals; (iii) the Debtors' twenty (20) largest unsecured creditors; (iv) the pre-petition and proposed post-petition secured lenders; (v) the Debtors' officers and directors; (vi) the Debtors' utility/governmental entity creditors; and (vii) other potentially material adverse parties as of the Petition Date (the "Potential Party List"). A copy of the Potential Party List is attached hereto as **Schedule 1**.

(b) CM maintains a system for checking conflicts. CM's review, completed under my supervision, consisted of a query of current and former clients represented by CM. Based on the results of its review, CM (including its affiliates and employees) does not have a relationship with any of the parties.

(c) Utilizing this system and by making specific inquiries of CM personnel, I verified that CM did not and does not represent any entity in connection with the Committee, Debtors, or these chapter 11 cases except to the extent disclosed herein.

### CM'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

6. CM is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that CM, its principals, counsel and associates: (a) are not creditors, equity security holders or insiders of the Debtors; (b) are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and (c) do not have an interest materially adverse to the Debtors' estate or to any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason, except as otherwise stated herein.

7. The Debtors, evidently in a complete computer data dump from its database, listed over two thousand (2,000) royalty owners and trade vendors (not necessarily creditors of the estate) in first day pleadings relating to its counsel's employment. No amounts are shown as owing and they simply appear to be listed as parties in the computer system without addresses sufficient to narrow down the identity of the parties. CM has not completed a search of those 2000 names as it is not clear if they are creditors in this proceeding. If they are creditors, they would appear to be unsecured. In any event, CM does not represent any of the royalty owners in this case.

8. After reviewing the conflicts check, it was determined that in respect of each connection between CM and such parties, CM does not hold or represent an interest that is adverse to the Debtors' estate.

9. No material connections with parties to this case merit discussion, except as follows. CM retained Haynes and Boone, LLP, counsel to the Debtors, to represent CM in its capacity as Disbursing Agent under the Third Amended Chapter 11 Plan of Reorganization Dated October 29, 2014 In Respect of Houston Regional Sports Network, L.P. (dated October 29, 2014 in respect to Houston Regional Sports Network, LP and the Conway MacKenzie, Inc. Disbursement Trust established pursuant to the Liquidating Trust Agreement dated November 14, 2014. The matter is wholly unrelated to the Debtors.

10. In addition to the foregoing, CM, from time to time, may work with, engage, and receive referrals from several of the attorneys and financial advisors or consultants retained by the Debtors, the prepetition secured lenders, or expected to be retained by the Debtors. However, I have discovered no connections with this case.

11. Because distressed debt is actively traded in the commercial markets, CM may be unaware of the actual holder of such debt at any given moment. CM represents numerous entities

that may buy and/or sell distressed debt of chapter 11 debtors. Such representations are transactional in nature and such representations will not involve the representation of the holder of such claim(s) in this case.

12. CM does not, and will not represent any entity or any respective affiliates or subsidiaries thereof, in matters related to the Debtors or their chapter 11 cases. CM may in the future represent entities that are claimants of, or interest holders in, the Debtors in matters unrelated to the Debtors.

13. CM has no connections with the United States Trustee or the attorneys for the United States Trustee in this case. CM's only connection with the Debtor's taxing authorities is in the normal context of representing entities who may owe taxes. Likewise, no connections between CM and EOS Petro, Inc. was found.

14. As set forth above, CM may be currently adverse to entities asserting claims against the Debtors in matters unrelated to the Debtors or this case. However, CM has searched performed a detailed search and determined that it is not presently adverse to the Debtors.

15. As a matter of retention and disclosure policy, I will continue to review CM's relationships for connections periodically as additional information concerning entities having a connection to the Debtors develops and will file appropriately supplemental disclosures with this Court, as necessary.

### CM'S RATES AND BILLING PRACTICES

16. If the Application is granted, subject to Court approval, compensation would be payable to CM on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by CM. As is the case with respect to work for all of its clients, CM's rates are

subject to periodic adjustments to reflect economic and other market conditions. Currently, hourly rates of CM professionals range as follows:

| | | |
|---|---|---|
| Senior Managing Director | $ 585.00 | $ 695.00 |
| Managing Director | $ 525.00 | $ 585.00 |
| Director | $ 450.00 | $ 525.00 |
| Senior Associate | $ 350.00 | $ 450.00 |

17. However, for this case, the rates for services provided in the case will be discounted approximately fifteen percent (15%).

18. CM's disbursement policies pass through all out-of-pocket expenses at actual cost or at estimated cost when the actual cost is difficult to determine. These expenses include facsimiles, toll calls, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, certain secretarial and other overtime expenses, and other expenses.

19. No promises have been received by CM, or any director or associate thereof, as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. CM has no agreement with any other entity to share with such entity any compensation received by CM or by any such entity.

20. The Application requests approval of its retention of CM as financial advisor to the Committee on rates, terms and conditions consistent with what CM charges in non-bankruptcy matters, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, and consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, order of the Court, and the U.S. Trustee guidelines, CM intends to apply for compensation for professional services rendered in this chapter 11 case at its customary hourly rates and for reimbursement of expenses incurred in connection therewith.

21. The foregoing constitutes the statement of CM pursuant to Bankruptcy Rule 2014.

22. The foregoing statements are true and correct to the best of my knowledge, information and belief.

April 27, 2015.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above facts are true and correct.

_____
Bryan M. Gaston, Managing Director

## SCHEDULE 1: POTENTIAL PARTY-IN-INTEREST LIST

**Debtors**
Dune Energy, Inc.
Dune Operating Company
Dune Properties, Inc.

**Judge and U.S. Trustee**
Christopher Mott
Henry G Hobbs Assistant US Trustee
Deborah Bynum Trial Attorney
Valerie Wenger Trial Attorney

**Secured Lenders and Banks**
Bank of Montreal
BMO Capital Markets
BMO Harris Financing
CIT Bank
CIT Capital Securities LLC
BBVA Compass Bank
Morgan Stanley Capital Partners V, LP
Ms Capital Partners Adviser Inc
Bank Of Montreal
BMO Capital Markets Corp
BMO Harris Financing, Inc
CIT Bank
CIT Capital Securities, Llc
US Bank National Association

**Noteholders**
AEIS INC.
BANK OF NEW YORK
BNP/PPBC
CHARLES SCHWAB
E TRADE
FID SSB
FIRST CLEAR
GOLDMAN SACHS
JEFFRIES
JPMC CLEAR
JPMCB/CTC
LPL FIN CO
ML SFKPG
MSSB
NFS LLC
NORTHERN TRUST

PERSHING
RBCCAPMKTS
SOUTHWEST
SSB&T CO
UBS FINAN
VANGUARD
ADP PROXY SERVICES (ISSUER SERVICES)

**Debtor's Professionals**
Haynes & Boone, LLP
Perella Weinberg Partners, LP
FTI Consulting, Inc.
Deloitte Financial Advisory Services, LLP

**20 Largest Unsecured Creditors**
Shoreline Southeast LLC
Crescent Energy Services, LLC
Island Operating Company, Inc.
Exterran Energy Solutions, LP
Terrebonne Wireline Services, Inc.
Nalco Company
T. Baker Smith
CDM Resource Mgmt Ltd
Oil Mop LLC
Premier Industries, LLC
Basic Energy Services, LP
Performance Wellhead & Frac
C F & S Tank & Equipment Co.
FA S Environmental Svcs
Coastal Crewboats, Inc.
Travelers
Stokes & Spiehler Onshore, Inc.
Dnow, L.P.
Zedi US Inc.

**Other Potential Parties**
Internal Revenue Service
Texas Comptroller Of Public Accounts
Texas Employment Commission
Department of Justice – US Attorney
Department of Justice – Attorney General
Securities and Exchange Commission
Brazoria County, Texas
Colorado County, Texas
Harris County, Texas
Karnes County, Texas

Calcasieu Parish, Louisiana
East Baton Rouge Parish, Louisiana
Iberia Parish, Louisiana
Jefferson Davis Parish, Louisiana
Lafourche Parish, Louisiana
Plaquemines Parish, Louisiana
St. Martin Parish, Louisiana
St. Mary Parish, Louisiana
Vermilion Parish, Louisiana

**Utilities and County Authorities**
A T & T
AT&T Mobility
AT&T Teleconference Services
Britain Electric Company
Cleco Power LLC
Demco
Dish Network
Entergy
Gulf Coast Broadband, LLC
Hughes Network Systems,
Kaplan Telephone Company
Let Us Answer
Reliant Energy
San Bernard Electric Coop Inc
Slemco
Town Of Berwick
Verizon Wireless
Waste Management
Waste Management Of SE Texas