

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 18, 2015.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **(CHAPTER 11)** |
| | § | |
| **DUNE ENERGY, INC.** | § | **CASE NUMBER 15-10336** |
| **DUNE OPERATING COMPANY** | § | **CASE NUMBER 15-10337** |
| **DUNE PROPERTIES, INC.** | § | **CASE NUMBER 15-10338** |
| | § | |
| **DEBTORS.** | § | **(JOINTLY ADMINISTERED UNDER** |
| | § | **CASE NUMBER 15-10336)** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR AN ORDER UNDER 11 U.S.C. §§ 330 AND 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS _NUNC PRO TUNC_ TO MARCH 27, 2015**

On May 18, 2015, the Court conducted a hearing to consider the application to employ Conway MacKenzie, Inc. ("CM") as financial advisors pursuant to 11 U.S.C. §§ 330 and 1103, _nunc pro tunc_ to March 27, 2015 (the "Application") filed by The Official Committee of Unsecured Creditors for the above-captioned bankruptcy estates (the "Committee"). The Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

(iii) the relief requested in the Application is in the best interests of the Debtors, their estate and creditors; (iv) proper and adequate notice of the Application and the hearing thereon has been given and that no other or further notice is necessary; (v) CM (a) holds no interest adverse to the Debtors or their estates in the matters upon which it is sought to be engaged; (b) is a disinterested person as that term is defined pursuant to 11 U.S.C § 101(14) and as required by 11 U.S.C. § 327; and (c) has disclosed any connections with parties as required by Bankruptcy Rule 2014; (vi) none of the representations or engagements set out in the *Declaration of Bryan M. Gaston in Support of Committee Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327 and Fed. R. Bankr. P. 2014 Authorizing Nunc Pro Tunc Retention and Employment of Conway MacKenzie, Inc. as Financial Advisors* constitute a conflict-of-interest or impair the disinterestedness of CM or otherwise preclude the Committee's retention of CM in this case; and (vii) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted.

2.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3.      Pursuant to Section 1103 of the Bankruptcy Code, the Committee is hereby authorized to retain CM as its financial advisors in these Chapter 11 Cases *nunc pro tunc* to March 27, 2015, in accordance with (and on the terms described in) the Application, the Engagement Letter, and this Order, and CM is authorized to perform the services described therein.

4.      The requirements of Section 329 of the Bankruptcy Code have been satisfied.

2

5.      Compensation will be awarded upon application and a hearing consistent with the requirements of 11 U.S.C. §§ 330 and 331 and any further orders entered by this Court.

6.      CM shall be compensated upon appropriate application in accordance with Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, including the Guidelines for Compensation and Expense Reimbursement of Professionals in Complex Chapter 11 Cases, the United States Trustee Guidelines for Compensation and Expense Reimbursement for Professionals in Larger Chapter 11 cases, and any applicable procedures and orders of this Court.

7.      Pursuant to Bankruptcy Local Rule 2014(b)(2), settlement funds shall not be disbursed without prior Court approval.

8.      The Debtors shall not offer employment to any CM employees working on the Debtors' engagement without separate order of the Court following notice and hearing.

9.      If any supplemental declarations or affidavits are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations or affidavits, CM's employment shall continue as authorized pursuant to this Order.

10.     The indemnification and reimbursement provisions in paragraph 18 of the Application and the Engagement Letter are approved subject, during the pendency of these chapter 11 cases, to the following:

a.      CM shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

b.      Notwithstanding any provision of the Application or the Engagement Letter to the

contrary, the Debtors shall have no obligation to indemnify CM , or provide contribution or reimbursement to CM, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from CM's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of CM's contractual obligations unless the Court determines that indemnification, contribution or reimbursement should be permissible; or (iii) settled prior to a judicial determination as to CM's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which CM should not receive indemnity, contribution or reimbursement under the terms of the Application, as modified by this Order; and

c.      If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, CM believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Application (as modified by this Order), including without limitation the advancement of defense costs, CM must file an application in this Court, and the Debtors may not pay any such amounts to CM before the entry of an order by this Court approving the payment.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

12.     Any fees and expenses paid to Conway MacKenzie during the Chapter 11 Cases shall be limited to the amount set forth in the line item for the Unsecured Creditors Committee Professionals in the DIP Budget attached as Exhibit A to the Stipulation and Final Order (1)

4

Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, and (5) Modifying Automatic Stay (Docket No. 162); provided, however, Conway MacKenzie reserves its rights to assert any unpaid amount in excess of such budgeted amount as an administrative expense claim. In the event the combined amount of fees and expenses for all Committee professionals exceed the line item in the DIP Budget for the Unsecured Creditors Committee Professionals, the Committee professionals shall advise the Debtors of the method for allocating such fees and expenses among each Committee professional up to the such budgeted amount.

**Submitted by:**
Basil A. Umari (*pro hac vice*)
McKool Smith P.C.
600 Travis, Suite 7000
Houston, Texas 77002
Tel: (713) 485-7300
Fax: (713) 485-7344

### ###

McKool 1090539v3