**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **(CHAPTER 11)** |
| | § | |
| **DUNE ENERGY, INC.** | § | **CASE NUMBER 15-10336** |
| **DUNE OPERATING COMPANY** | § | **CASE NUMBER 15-10337** |
| **DUNE PROPERTIES, INC.** | § | **CASE NUMBER 15-10338** |
| | § | |
| **DEBTORS.** | § | **(JOINTLY ADMINISTERED UNDER** |
| | § | **CASE NUMBER 15-10336)** |

## FEE APPLICATION SUMMARY

I.     CLIENT:

Official Committee of Unsecured Creditors

II.     REQUESTING APPLICATION/FIRM:

McKool Smith, PC, attorneys for the Official Committee of Unsecured Creditors

III.     TOTAL AMOUNT OF FEES REQUESTED:

     a.   Fees: $222,780.00

     b.   Expenses: $4,490.35

     c.   Pre-petition retainer, if any: $0.00

     d.   Time period covered: March 24, 2015 to May 31, 2015

IV.     BREAKOUT OF CURRENT APPLICATION:

| NAME/CAPACITY | TOTAL HOURS | RATE | TOTAL |
|---|---|---|---|
| Hugh Ray, Jr./Attorney | 45.6 | 900.00 | 41,040.00 |
| Hugh Ray, III/Attorney | 7.6 | 600.00 | 4,560.00 |
| Basil Umari/Attorney | 206.9 | 550.00 | 113,795.00 |
| Yusuf Rangwala/Attorney | 4.0 | 400.00 | 1,600.00 |
| Andrew Cobos/Attorney | 134.5 | 315.00 | 42,367.50 |
| H. Justin Pace/Attorney | 1.5 | 315.00 | 472.50 |
| Jan Curry/Paralegal | 126.3 | 150.00 | 18,945.00 |
| Totals: | 526.40 | | $222,780.00 |

McKool 1106131v1

MINIMUM FEE INCREMENTS:

0.1 hours

EXPENSES: (Give total amounts requested for expenses and specifically charge for photocopy and any in-house services such as delivery fees)

| EXPENSE | AMOUNT |
|---|---|
| Copies – in-house | 1,042.10 |
| Courier service | 23.07 |
| Court fees | 94.50 |
| Overnight delivery | 10.22 |
| Parking | 36.00 |
| Postage | 526.19 |
| Research – online | 589.19 |
| Research – other | 710.50 |
| Travel (includes air, cabs, hotel, mileage, meals, etc.) | 1,458.58 |
| Total: | $4,490.35 |

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION:

$2,500.00 (estimated)

V.      PRIOR APPLICATIONS: None.

VI.     OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE:

| Name | Party Represented |
|---|---|
| Haynes and Boone, LLP | Debtors |
| Deloitte Transactions and Business Analytics LLP | Debtors |
| Conway MacKenzie | Committee |

Allowance of this First Application will not impair the estates' ability to pay all co-equal or superior administrative claims.

VII.    RESULT OBTAINED: (For the time period covered by this Application, briefly identify the various matters for which services were rendered. For each identified matter, summarize the work performed and estimate the amount of fees allocated to such work during the time period in question. This estimate need not be exactly accurate, however the total of estimated fees must equal the amount of fees sought in this Application.)

From the start, McKool Smith has been actively involved in these cases, taking steps to maximize recoveries for unsecured creditors. Soon after its selection as counsel, McKool Smith prepared objections to the Debtors' DIP financing and bidding procedures motions. McKool Smith was able to obtain favorable concessions beneficial to unsecured creditors ($48,000). McKool Smith then served a 2004 examination notice on the Debtors to investigate potential D&O claims. Time was of the essence because the deadline for the

2

Debtors to make a claim under three of its insurance policies was June 15, 2015. McKool Smith analyzed numerous documents produced by the Debtors and then conducted an examination of the Debtors' CEO, James Watt, in May ($48,000). The Committee, armed with this discovery, identified colorable claims against the directors and officers. McKool Smith was then a position to file a motion for authority to pursue such claims on behalf of the Debtors' estates, so the Committee could make a demand sufficient to trigger the insurance policies prior to the June 15 deadline.

McKool Smith has also undertaken a comprehensive investigation of the secured lenders' liens and claims. This has involved painstakingly checking each mortgage filed by the banks to ensure that each of the Debtors' leases and other property are covered. The Committee's challenge period has been extended by agreement twice, and McKool Smith is discussing McKool Smith's findings with counsel for the banks ($62,000). Additional detail of reasonable and necessary work performed and services rendered are attached to this First Application (other work, $64,000).

McKool 1106131v1

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **(CHAPTER 11)** |
| | § | |
| **DUNE ENERGY, INC.** | § | **CASE NUMBER 15-10336** |
| **DUNE OPERATING COMPANY** | § | **CASE NUMBER 15-10337** |
| **DUNE PROPERTIES, INC.** | § | **CASE NUMBER 15-10338** |
| | § | |
| **DEBTORS.** | § | **(JOINTLY ADMINISTERED UNDER** |
| | § | **CASE NUMBER 15-10336)** |

**FIRST APPLICATION OF MCKOOL SMITH P.C., COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD MARCH 24, 2015 THROUGH MAY 31, 2015**

**THIS PLEADING REQUEST RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW McKool Smith P.C. (the "Applicant" or "McKool Smith") and files this First Application (the "First Application") in accordance with the Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order") (dkt #141), for approval of its compensation for services in the total amount or $222,780.00 and reimbursement of expenses in the total amount of $4,490.35 incurred during Applicant's employment as counsel

McKool 1106131v1

to the Official Committee of Unsecured Creditors (the "Committee") of the Debtors.[1] In support of this First Application, McKool Smith respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Western District of Texas. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016(a), and the Local Rules of this Court.

## BACKGROUND

3. On March 8, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. The Court subsequently entered its Order Granting Complex Chapter 11 Bankruptcy Case Treatment (dkt #45). The Debtors continue to operate their business and manage their property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. The Debtors are oil and gas production companies with operations in Texas and Louisiana. The Debtors have been pursuing an auction process to sell all of their assets. The Debtors have negative cash flow and have been unprofitable in recent times. No plan has been filed, and the Debtors have obtained a 90-day extension of the exclusive period. As of May 31, 2015, the Debtors had approximately $1.5 million in cash on hand.

5. On March 20, 2015, the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102(a) and (b)(1) (dkt #95), consisting of the following members:

    (a)    Crescent Energy Services;

---

[1] Dune Energy, Inc., Dune Operating Company, and Dune Properties, Inc. (collectively, the "Debtors").

     (b)    Island Operating Company, Inc.; and

     (c)    Zedi US, Inc.

### RETENTION OF MCKOOL SMITH AND PRIOR COMPENSATION

6. On April 20, 2015, the Committee submitted its Application to Employ McKool Smith P.C. as Counsel (the "Employment Application") (dkt #192).

7. By order dated May 18, 2015, this Court approved the retention of McKool Smith as counsel for the Committee (the "Retention Order") (dkt #238), a copy of which is attached as *Exhibit A*.

8. As of the date of this First Application, McKool Smith has received interim payments of $76,483.56 for fees and $3,780.75 for expenses incurred on the Committee's behalf in these cases. McKool Smith holds no retainer. McKool Smith has no agreement of any kind, express or implied, to divide with any other person or entity any portion of the compensation sought or to be received by it in these cases.

9. This is McKool Smith's first interim fee application. This First Application includes fees in the amount of $222,780.00 and expenses in the amount of $4,490.35 for the period March 24, 2015 through May 31, 2015 (the "First Period"). Fees for services related to the preparation and submission of this First Application after the First Period will be subject to a future application; they are expected to be no more than $2,500.00.

10. These services were rendered and expenses incurred during Applicant's representation of the Committee in these cases, and Applicant believes such fees and expenses were reasonable, necessary and appropriate, given the circumstances.

### NATURE AND EXTENT OF LEGAL SERVICES PROVIDED

11. McKool Smith has provided extensive legal services to the Committee during the first three (3) months of these cases. Attached to this First Application are records of the time-

McKool 1106131v1

keeping entries generated by McKool Smith personnel who have worked on this engagement (the "Invoices").[2] These entries provide detailed descriptions of McKool Smith's services on the Committee's behalf during the First Period. The Invoices break down the legal services rendered according to the project categories propounded by the Guidelines of the Office of the United States Trustee. The pertinent project categories are:

- Case Administration
- Asset Analysis and Recovery
- Asset Disposition
- Meetings of and Communications with Creditors
- Meetings of and Communications with Client
- Fee/Employment Applications
- Fee/Employment Objections
- Avoidance Action Analysis
- Non-Working Travel
- Financing/Cash Collateral

The figures for the time and amounts billed per project category cover the First Period.

12. The Invoices also specify each individual McKool Smith attorney, paraprofessional, or other staff person who provided compensable services during the First Period.[3] Specifically, the Invoices identify the person providing the service, as well as the following: (1) his or her individual billing rate, (2) the total number of hours expended by that person, and (3) the total amount of fees incurred provided by project category.

13. The following chart generally describes the services rendered by Applicant to the Committee in each of the relevant project categories, with more additional detail provided by each of the Invoices:

---

[2] See *Exhibit B-1 through B-3*.

[3] A resume of the paraprofessional who has worked on these cases is attached as *Exhibit C*.

7

| Task Code | Category | Total Hours | Fees |
|---|---|---|---|
| B110 | Case Administration | 14.90 | $ 8,680.00 |
| B120 | Asset Analysis and Recovery | 93.70 | $ 49,213.00 |
| B130 | Asset Disposition | 26.80 | $ 13,901.00 |
| B150 | Meetings of and Communications with Creditors | 5.30 | $ 2,408.00 |
| B155 | Meetings of and Communications with Client | 19.10 | $ 11,453.00 |
| B160 | Fee/Employment Applications | 28.60 | $ 18,105.00 |
| B170 | Fee/Employment Objections | 1.40 | $ 770.00 |
| B180 | Avoidance Action Analysis | 234.50 | $ 61,931.00 |
| B195 | Non-Working Travel | 14.40 | $ 7,584.00 |
| B230 | Financing/Cash Collateral | 87.70 | $ 48,735.00 |
| | Total: | 526.40 | $222,780.00 |
| | Blended Hourly Rate: | | $ 423.21 |

## REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED

14. In the course of providing legal services to the Committee, Applicant incurred certain reasonable and necessary out-of-pocket expenses while representing the Committee. A detailed record of these expenses is included in the Invoices. Expenses such as court fees, parking, research, traveling, and other business expenses were billed at actual cost. In-house photocopies were billed at a rate of twenty cents per page ($0.20/page). Applicant does not charge for long distance. Applicant does not charge for outgoing faxes or for telephone or long-distance charges related to sending faxes. Applicant has made no request for general overhead expenses.

15. Applicant believes that the expense request is reasonable, appropriate and necessary and requests that the Court grant it reimbursement for $4,490.35 in reimbursable expenses incurred during the First Period by Applicant on the Committee's behalf.

8

### FACTORS AFFECTING COMPENSATION

16.     Courts recognize that factors other than number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding.  Such factors are set forth in *In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  One or more of these *Johnson* factors may serve as a basis for enhancing the hourly rate which might otherwise be allowed.  *Wolf v. Frank,* 555 F.2d 1213 (5th Cir. 1987).   Applicant does not seek a fee enhancement as part of this First Application.  The *Johnson* factors are discussed in further detail below.

A.     **Time and Labor Required**.  *Exhibits B-1 through B-3* list in detail all of the work performed for which compensation is sought.  The date the services were rendered, the individual performing such services, a description of the services, and the time expended are all detailed.  Applicant believes that such detail establishes that its request for compensation is reasonable.  All of the services specified were actual and necessary for the Committee to perform its statutory duties.

B.     **Novelty and Difficulty.**  As set forth in greater detail in *Exhibits B-1 through B-3*, these cases have involved a number of challenging legal and operational issues.  The Court is aware of the complexity of these cases involving research analysis of potential claims against directors and officers, the perfection of the banks' oil and gas liens in Texas and Louisiana and the Debtors' attempts to market their assets.

C.     **Skill Required to Perform the Legal Services Properly**.  Bankruptcy is a specialized area of federal practice, requiring knowledge of the Bankruptcy Code and other related state and federal statutes and precedent.  It also requires a working knowledge of a number of other areas of law regularly confronting the Committee.  Likewise, dealing with the

9

complicated issues, many of which were on an expedited basis, required a substantial amount of skill. The Court is familiar with the extensive emergency hearings, from the first-day motions to the motions to compel—all of which required preexisting skill in the bankruptcy field.

D. **Preclusion of Other Employment**. Applicant's representation in these cases could have precluded it from accepting other employment.

E. **Customary Fee**. The hourly rates for each Applicant professional and paraprofessional are summarized above and in *Exhibits B-1 through B-3* filed in support of this First Application. The rates for bankruptcy attorneys were reduced from the usual rates charged by McKool Smith. Specifically, Mr. Ray, Jr. is charging a substantially reduced rate and most principals are billing at rates reduced by at least 15%. The Committee negotiated with Applicant for the discount. The hourly rates requested by Applicant compare favorably with average costs for similar legal services being provided by a national law firm with this level of expertise.

F. **Whether the Fee is Fixed or Contingent**. Applicant's fee is neither fixed nor contingent other than the contingency of court-allowance and available assets to pay professionals. It is based upon the actual total number of hours worked plus the actual costs incurred.

G. **Amount Involved and Results Obtained**. *Exhibits B-1 through B-3* detail Applicant's work during the First Period. The dates such services were rendered, the individual performing such services, descriptions of the services and the time expended are all detailed. Applicant believes that such information establishes that its requested compensation is reasonable. As a result of Applicant's efforts during the First Period, the Committee achieved a number of objectives vital to the Debtors' continued operation under Chapter 11 and progress

towards a plan, including performing discovery with regard to potential D&O claims and analyzing the banks' liens.

H.      **Experience, Reputation, and Ability of the Attorneys**.  Applicant's attorneys have regularly appeared in significant representations over many years, including bankruptcy cases throughout Texas and the United States.  McKool Smith attorneys have a substantial reputation in the legal community.

I.      **"Undesirability" of Case**.  This case was not significantly undesirable.  When representing an unsecured creditors committee, there is a risk that fees and expenses will not be paid.  Due to uncertainties, firms frequently elect not to represent committees.  The risk of representing a committee in a case that becomes administratively insolvent is real and holds the potential to cause financial strain on any firm representing a committee.  However, in these cases, the estate is not currently administratively insolvent, thus representation of the Committee is a comparatively low-risk undertaking.  While representation of the Committee may be a relatively low-risk endeavor, the skill and experience necessary to do so is substantial.

J.      **Awards in Similar Cases**.  Based on Applicant's experience in the Texas market and throughout the country, Applicant's fees are in line with fees allowed in proceedings of similar scope for the services rendered and results obtained.

## CONCLUSION

17.     Pursuant to this First Application, Applicant seeks approval of compensation in the total sum of $222,780.00 and approval of reimbursement of its expenses in the total sum of $4,490.35.  Applicant has been paid $76,483.56 for fees and $3,780.75 for expenses during the

11

First Period.  Applicant requests final approval and payment of the holdback amount from its First Interim Application in the amount of $147,006.04, as may be limited by the DIP budget.[4]

**PRAYER**

WHEREFORE, Applicant respectfully prays that the Court enter an order (i) approving this First Application; (ii) allowing, on an interim basis, the reasonable attorney fees and expenses claimed herein as allowed administrative expenses of the Debtors' estate; (iii) directing the Debtors to promptly pay the approved amounts to Applicant consistent with the DIP budget; and (iv) granting such other and further relief to which Applicant is justly entitled.

 Dated: June 30, 2015.

MCKOOL SMITH, P.C.

By:   /s/ Basil A. Umari
      Hugh M. Ray
      State Bar No. 16611000
      Basil A. Umari (*pro hac vice*)
      State Bar No. 24028174
      Hugh M. Ray, III
      State Bar No. 24004246
      600 Travis, Suite 7000
      Houston, Texas 77002
      Tel: 713-485-7300
      Fax: 713-485-7344

*Counsel for the Official Committee of Unsecured Creditors*

---

[4]  McKool Smith reserves the right to seek payment of any allowed amounts of fees and expenses not paid under the budget.

McKool 1106131v1

## STATEMENT OF CERTIFYING PROFESSIONAL

The undersigned hereby certifies that: (1) I have read the foregoing Application; (2) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with these guidelines, except as specifically noted in the application; and (3) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the applicant and generally accepted by the Applicant's clients

*/s/ Basil A. Umari*
Basil A. Umari

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2015 a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system on the Debtors and parties shown thereon.

*/s/ Basil A. Umari*
Basil A. Umari

13

McKool 1106131v1