**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | (CHAPTER 11) |
| | § | |
| DUNE ENERGY, INC. | § | CASE NUMBER 15-10336 |
| DUNE OPERATING COMPANY | § | CASE NUMBER 15-10337 |
| DUNE PROPERTIES, INC. | § | CASE NUMBER 15-10338 |
| | § | |
| DEBTORS. | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NUMBER 15-10336) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) COMBINING THE
HEARING ON THE CHAPTER 11 PLAN OF THE DEBTORS AND
DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING
RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND
DISTRIBUTION PROCEDURES; (IV) APPROVING
AND ESTABLISHING PROCEDURES FOR VOTING ON THE CHAPTER 11 PLAN OF
THE DEBTORS; (V) APPROVING FORMS OF NOTICES TO NON-VOTING
CLASSES UNDER PLAN; (VI) ESTABLISHING VOTING DEADLINE TO
ACCEPT OR REJECT PLAN; (VII) APPROVING PROCEDURES FOR VOTE
<u>TABULATIONS; AND (VIII) GRANTING RELATED RELIEF</u>**

TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

Dune Energy, Inc. ("<u>Dune Energy</u>"), Dune Operating Company ("<u>Dune Operating</u>"), and

Dune Properties, Inc. ("<u>Dune Properties</u>"), debtors-in-possession in the above-referenced chapter

11 cases (collectively, the "<u>Debtors</u>"), file this motion (this "<u>Solicitation Procedures Motion</u>") for

entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Solicitation</u>

<u>Procedures Order</u>"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rules 2002, 3003, 3017, 3018,

3020, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

Rules 3017 and 3018 of the Local Court Rules of the United States Bankruptcy Court for the

Western District of Texas (the "<u>Local Bankruptcy Rules</u>"): (i) combining and scheduling the

hearings on the Chapter 11 Plan of the Debtors and Disclosure Statement; (ii) establishing a

voting record date; (iii) approving solicitation packages and distribution procedures; (iv) approving and establishing procedures for voting on the Chapter 11 Plan of the Debtors; (v) approving forms of notices to non-voting classes under the Chapter 11 Plan of the Debtors; (vi) establishing a voting deadline to accept or reject the Chapter 11 Plan of the Debtors; (vii) approving procedures for vote tabulations; and (viii) granting related relief. In support hereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**A.      Procedural History**

2. On March 8, 2015, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, thereby commencing the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"). The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 20, 2015, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") for the Chapter 11 Cases.

**B.      The DIP Financing**

3. On April 9, 2015, the Court entered an order (the "Final DIP Order", Docket No. 162)[1] which authorized on a final basis the Debtors' entry into and borrowing under the DIP Loan Documents and approved the Debtors' use of the Cash Collateral of the DIP Agent, the

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to them in the Final DIP Order.

DIP Lenders, the First Lien Agent and the First Lien Lenders in order to fund their continued operations during the Chapter 11 Cases. Pursuant to paragraph 10 of the Final DIP Order, the Debtors were authorized to borrow up to $10 million in accordance with the DIP Budget.

4.       In accordance with the Final DIP Order and the DIP Loan Documents, the DIP Facility matured by its express terms on July 24, 2015 (the "DIP Maturity Date").

### C.       The Committee's Lien Challenge

5.       On July 15, 2015, the Committee commenced an adversary proceeding (the "Lien Challenge Proceeding") against the First Lien Agent and First Lien Lenders, challenging the attachment and perfection of the First Lien Agent's and First Lien Lenders' liens with respect to certain oil and gas leases and commercial tort claims of the Debtors and challenging the First Lien Agent's and First Lien Lenders' entitlement to an adequate protection claim against the Debtors' estates.

### D.       Sale of Substantially All Assets of Certain Debtors

6.       On July 9, 2015 and July 10, 2015, the Court held a hearing and entered orders [Docket No. 378 and Docket No. 379] (the "Sale Orders") approving the Debtors' sales of certain assets to, respectively, Trimont Energy (NOW), LLC (the "Trimont Sale") and White Marlin Oil and Gas Company LLC (the "White Marlin Sale"). On July 27, 2015 (the "Closing Date"), the Debtors closed the White Marlin Sale and Trimont Sale in consideration for, among other things, aggregate net cash proceeds in excess of $19 million (the "Sale Proceeds").

7.       The Trimont Sale and White Marlin Sale did not include certain assets of the Debtors, including, among other things, certain de minimis oil and gas properties, as well as the furniture and miscellaneous assets located at the Debtors' headquarters in Houston, Texas (each, a "Residual Asset," and collectively, the "Residual Assets"). Contemporaneous with filing this

Motion, the Debtors filed the *Debtors' Expedited Motion to Approve Procedures to (i) Sell Miscellaneous De Minimis Property of the Estates Free and Clear of Liens, Claims, Encumbrances, and Interests and (ii) Abandon or Dispose of Property of the Estates that is Burdensome or of Inconsequential Value*, seeking, among other things, authority to sell, lease or dispose of the Residual Assets with an aggregate transaction price up to or equal to $100,000 pursuant to streamlined sale procedures that would obviate the need for separate sale motions for such transactions (the "Residual Asset Procedures Order").

###### E.  Cash Collateral Stipulation

8.      Following the occurrence of the DIP Maturity Date, the DIP Agent, the DIP Lenders, the First Lien Agent and the First Lien Lenders have consented (the "Cash Collateral Stipulation") to the Debtors' continued use of Cash Collateral (as defined in the Final DIP Order) to allow the Debtors to continue to administer their estates and to pursue a wind-down of the estates pursuant to a chapter 11 plan and the potential sale of certain remaining assets. The terms of such agreement are memorialized in the *Stipulated Consent Order Extending Further Usage of Cash Collateral* (the "Supplemental Cash Collateral Order") (Docket No. 416). The Debtors' continued use of Cash Collateral is in accordance with the supplemental budget attached to the Supplemental Cash Collateral Order as Exhibit A (the "Post-Closing Budget") and such use expires on the earlier of the earlier of (i) September 18, 2015, and (ii) the effective date of a plan of liquidation. The Outstanding DIP Obligations were satisfied on July 31, 2015 from a portion of the Sale Proceeds; however, the remainder of the Sale Proceeds are in a segregated account pending further order of this Court.

F.      **The Chapter 11 Plan of Liquidation and Disclosure Statement**

9.      Following the above-described sale, cash collateral and wind-down efforts, the Debtors now seek to confirm a chapter 11 plan of liquidation (the "Plan") to, among other things, wind down the Debtors' estates, liquidate their remaining assets, and distribute the proceeds from the various asset sales and liquidation of the Debtors' remaining assets.  The Debtors also seek approval of a disclosure statement related to the Plan (the "Disclosure Statement").

10.     The Plan is the result of recent and extensive negotiations among the Debtors, the Committee, and the Bank of Montreal ("BMO"), as agent for (the "First Lien Agent") the holder of the largest secured claims in these Chapter 11 Cases.  The Plan incorporates and implements various settlements to facilitate a successful liquidation of the Debtors' estates.  Specifically, the Plan provides for the settlement of a number of potential issues, including the Committee's Lien Challenge Proceeding regarding the liens asserted by the First Lien Lenders, the extent of the Adequate Protection Claim asserted by the DIP Lenders, and the manner and priority of distribution of various recoveries among the Debtors' Creditors to name a few.

11.     On August 10, 2015 the Debtors filed forms of the Plan and Disclosure Statement. The Debtors, First Lien Agent and Committee are still negotiating certain terms and conditions of the Plan and Disclosure Statement.  The Debtors believe these terms will be finalized by the hearing on this Motion so that they can be incorporated into Plan and Disclosure Statement prior to mail-out and solicitation.

12.     The following table (a) designates the Classes of Claims against, and Equity Interests in, the Debtors, (b) specifies the Classes of Claims and Equity Interests that are Impaired by the Plan and therefore are entitled to vote to accept or reject the Plan, or deemed to reject the Plan, as the case may be, in accordance with section 1126 of the Bankruptcy Code, and

(c) specifies the Classes of Claims that are Unimpaired by the Plan and therefore are conclusively presumed to accept the Plan in accordance with section 1126 of the Bankruptcy Code.

| Class | Description | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| 1.1 | Allowed Priority Employee Claims 11 U.S.C. § 507(a)(4)-(5) | Unimpaired | No (conclusively presumed to accept) |
| 1.2 | Allowed Priority Non-Tax Claims 11 U.S.C. § 507(a)(1), (6), (7), (9), (10) | Unimpaired | No (conclusively presumed to accept) |
| 2 | Allowed Secured Tax Claims 11 U.S.C. § 507(a)(8) | Impaired | Yes |
| 3.1 | Allowed First Lien Lender Claims | Impaired | Yes |
| 3.2 | Allowed Other Secured Claims | Impaired | Yes |
| 3.3 | Allowed Second Lien Loan Claims | Impaired | Yes |
| 4 | Allowed General Unsecured Claims | Impaired | Yes |
| 5 | Allowed Subordinated Claims | Impaired | No (deemed to reject) |
| 6 | Allowed Equity Interests | Impaired | No (deemed to reject) |

## RELIEF REQUESTED

13.     By this Motion, the Debtors seek entry of the Solicitation Procedures Order, substantially in the form attached hereto as Exhibit A:

(a)     scheduling and combining the hearing to consider the approval of the Disclosure Statement Under 11 U.S.C. §1125 in Support of Chapter 11 Plan of the Debtors and Confirmation of the Chapter 11 Plan of the Debtors (the "Combined Hearing") and approving the notice with respect to such hearing substantially in the form annexed to the Solicitation Procedures Order as Exhibit 1 (the "Combined Hearing Notice");

(b)     shortening the notice of the Combined Hearing and the deadline for filing objections to both the Disclosure Statement and confirmation of the Plan;

(c)      establishing the record date for purposes of determining the holders of Claims against, and Interests in, the Debtors (the "Voting Record Date");

(d)      approving the contents of solicitation materials (the "Solicitation Packages") and the procedures for distribution thereof;

(e)      approving voting and tabulation procedures;

(f)      approving the use of electronic ballots ("E-Ballots") and the instructions for doing so substantially in the form annexed to the Solicitation Procedures Order as Exhibit 2 (the "Ballot Instructions");

(g)      establishing the deadline by which holders of claims against the Debtors must vote to accept or reject the Plan (the "Voting Deadline");

(h)      establishing the deadline to object to the Disclosure Statement and/or Confirmation of the Plan (the "Objection Deadline");

(i)      approving the forms of notice to unimpaired and impaired Non-Voting Classes (as defined herein) under the Plan, substantially in the forms attached to the Solicitation Procedures Order as Exhibits 3 and 4, respectively;

(j)      authorizing the Debtors to exchange exhibits two (2) days prior to the Combined Hearing, by posting such exhibits on the Debtors' website at http://cases.primeclerk.com/duneenergy.

14.      The Debtors further request the approval of following dates and deadlines as more fully described herein:

| PROPOSED SOLICITATION AND CONFIRMATION TIMELINE | |
| --- | --- |
| Approval of Solicitation Procedures Motion | August 17, 2015 |
| Voting Record Date | August 17, 2015 |
| Deadline to transmit Solicitation Packages (the "Solicitation Date") | August 20, 2015 |
| Deadline to Object to Claims for Voting | August 27, 2015 |
| Deadline to request Temporary Allowance | September 3, 2015 |

| | |
|---|---|
| Objection Deadline | September 10, 2015, at 4:00 p.m. prevailing CDT |
| Voting Deadline | September 10, 2015, at 4:00 p.m. prevailing CDT |
| Deadline to Exchange W&E List | September 15, 2015, at 12:00 p.m. prevailing CDT |
| Deadline to file Ballot Summary | September 15, 2015 |
| Deadline to file Proposed Findings of Fact and Conclusions of Law | September 15, 2015 |
| Combined Hearing | September 17, 2015 |

## BASIS FOR THE RELIEF REQUESTED

**I.** **Scheduling a Combined Disclosure Statement and Confirmation Hearing Date and Approving the Form and Manner of Notice and Objection Procedures and Related Matters**

**A.** **Combining Hearing on Disclosure Statement and Confirmation of the Plan**

15.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. Section 105 of the Bankruptcy Code expressly provides that a court may issue an order that "provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp*., 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").

16.     For the reasons set forth below, the Debtors respectfully request that the Court consolidate approval of the Disclosure Statement and confirmation of the Plan at a single hearing and enter an order scheduling the Combined Hearing for September 17, 2015, or as soon thereafter as the Court's schedule permits.

17.     The Debtors simply do not have the funds to sustain wind-down operations through the lengthy plan confirmation process under a standard, two-stage process. The Debtors' Post-Closing Budget and Cash Collateral Stipulation expire on September 18, 2015. Therefore, a streamlined process is essential to confirming the Plan within the remaining wind-down of the Debtors' operations. A Combined Hearing will expedite the confirmation process, thereby directly benefitting the Debtors' creditors by accelerating the implementation of the Plan so that the compromise implemented in the Plan among the Debtors, the Committee and First Lien Agent can be brought to fruition and thereby benefit creditors of the Debtors' estates. The Combined Hearing is in the best interests of creditors and the Debtors' estates and will not prejudice any party-in-interest.

18.     On these facts, the Debtors submit that cause exists to consolidate the hearings on Disclosure Statement approval and Plan confirmation pursuant to Bankruptcy Code section 105(d)(2)(B)(vi).

### B.     The Combined Disclosure Statement and Confirmation Hearing and Establishment of Notice and Objection Procedures

19.     Bankruptcy Rule 3017 requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest, and that the court shall hold a hearing to consider the disclosure statement and any objections thereto on 28 days' notice as provided in Rule 2002.  Pursuant to Bankruptcy Rule 3020(b), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Bankruptcy Rules 2002(b) and 2002(d) require 28 days' notice of the hearing on both the hearing on a disclosure statement and confirmation of a plan and for filing objections to both a disclosure statement and confirmation of a plan.

20.     Reduction of a notice period is permitted under Bankruptcy Rule 9006(c)(1) which provides that "[e]xcept as provided in paragraph (2) [of Rule 9006(c)] when an act is required or allowed to be done at or within a specified period of time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Rule 3017 is not listed in Rule 9006(c)(2) among the rules with notice periods that may not be shortened. Rule 9006(c) explicitly provides that a bankruptcy court may shorten the time period required by the Bankruptcy Rules "with or without motion or notice."

21.     In accordance with Bankruptcy Rules 2002 and 3017, 3020, and 9006, the Debtors propose to provide to all creditors and equity interest holders the Combined Hearing Notice, setting forth (i) the procedure for obtaining a copy of the Disclosure Statement and the Plan, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Objection Deadline for filing objections to confirmation of the Plan and the Disclosure Statement, and (v) the time, date, and place for the Combined Hearing. Assuming the Solicitation Procedures Order is entered by August 17, 2015, the Debtors shall transmit by August 20, 2015, the Combined Hearing Notice to all creditors and parties with an interest in the Plan. Copies of the Disclosure Statement and Plan will also be available on-line at http://cases.primeclerk.com/duneenergy.

22.     In light of the proposed solicitation procedures described herein, the Debtors request that the Combined Hearing be scheduled for September 17, 2015, or as soon as possible thereafter as the Court's calendar will permit, and that the Objection Deadline be established as September 10, 2015, at 4:00 p.m. C.D.T. Because the Combined Hearing Notice will be served on or before August 20, 2015, parties in interest will receive at least 21 days' notice of the Objection Deadline and 28 days' notice of the Combined Hearing date.  The proposed Objection

Deadline will afford the Court, the Debtors, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Combined Hearing.

23.     The Debtors believe that the foregoing procedures will provide adequate notice of the Combined Hearing and the Objection Deadline related thereto.  Accordingly, the Debtors respectfully request that (i) the Combined Hearing be scheduled for September 17, 2015, or as soon thereafter as the Court's calendar will permit and (ii) the Objection Deadline be established as September 10, 2015, at 4:00 p.m. C.D.T.

**C.     Procedure for Objecting to the Plan and/or Disclosure Statement**

24.     The Combined Hearing Notice provides, and the Debtors request that the Court direct that objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Plan to cure such Objection, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received no later than 4:00 p.m. C.D.T. on September 10, 2015, by: (i) counsel for the Debtors, Kourtney P. Lyda, Haynes and Boone LLP, 1221 McKinney, Suite 2100, Houston, TX 77010, kourtney.lyda@haynesboone.com;  (ii) counsel for the First Lien Agent: Mayer Brown LLP, 700 Louisiana Street, Suite 3400, Houston, TX 77002, Attn:  Charles Kelley, ckelley@mayerbrown.com; (iii) counsel to the Committee, Basil A. Umari, McKool Smith P.C., 600 Travis Street, Suite 7000, Houston, Texas 77002, bumari@mckoolsmith.com; and (iv) Office of the United States Trustee for the Western District of Texas, Homer J. Thornberry Judicial Building, 903 San Jacinto Blvd, Austin, TX 78701, Attn: Valerie Wenger.

25.     Pursuant to section 1127 of the Bankruptcy Code, the Debtors reserve the right to modify the Plan, prior to or during, the Combined Hearing in order to address any objections or as otherwise appropriate. Modifications of the Plan will be filed with the Court.

### D.      Filing Witness and Exhibit Lists, Ballot Summary, and Related Matters

26.     Pursuant to Local Rule 9014(g), Local Rule 7016(g) applies in contested matters, and parties are required to exchange witness and exhibit lists five days in advance of a hearing. Local Rule 7016(g) governs the procedure for exchanging exhibits.

27.     Because of the expedited time frame governing the Voting Deadline, the Objection Deadline and the limited funds available in the Post-Closing Budget, the Debtors request that they be allowed to file their witness and exhibit lists by noon two business days prior to the date of the Combined Hearing.  Further, the Debtors request that in order to reduce the cost of providing copies to the many parties-in-interest the Debtors be allowed to post copies of their exhibits on the Debtors' website at http://cases.primeclerk.com/duneenergy.  The Debtors shall provide the address for accessing their exhibits on their witness and exhibit list filed with the Court.

28.     The Debtors further request they be allowed to file their written ballot summary as required by Local Rule 3018 on the date that is two days prior to the Combined Hearing.

29.     Finally, the Debtors request that they be allowed to submit their proposed Findings of Fact and Conclusions of Law to be filed with the Court on the date that is two days prior to the Combined Hearing.

## II.     Voting Record Date, Solicitation Packages, and Distribution Procedures

### A.      Establishment of a Voting Record Date

30.     Bankruptcy Rule 3017(d) provides that, for the purpose of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include

holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  The record date for determining which holders of equity securities and creditors whose claims are based on a security of record are entitled to vote to accept or reject a plan is the "date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bank. P. 3018(a).

31.    Since the Debtors are requesting the Court hold the hearing to approve the Disclosure Statement and the hearing to consider confirmation of the Plan on the same date, the Debtors request that the Court set <u>August 17, 2015</u>, as the Voting Record Date. Holders of claims or interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be holders of record, and as such, shall (a) be entitled to vote on the Plan or (b) in the case of the Non-Voting Classes, be entitled to receive an appropriate notice of non-voting status ("<u>Notice of Non-Voting Status</u>").  The Voting Record Date shall have no preclusive effect as to distributions under the Plan.  Accordingly, the Debtors submit that the Voting Record Date is appropriate and should be approved.

### B.    Approval of Solicitation Packages and Distribution Procedures

32.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

> (1)    the plan or a court-approved summary of the plan;

13

(2)     the disclosure statement approved by the court;

(3)     notice of the time within which acceptances and rejections of such plan may be filed; and

(4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

33.     Because of the limited funding available under the Post-Closing Budget, the Debtors are requesting relief from Rule 3017 that would otherwise require the Plan (or court approved summary of the Plan) and Disclosure Statement to be mailed to holders of claims and equity security holders. Because of the significant cost of printing and mailing the Disclosure Statement and Plan, the Debtors propose to make the Disclosure Statement and Plan available in electronic format online at http://cases.primeclerk.com/duneenergy.   The Debtors request authority to notify parties of the location of such documents by mailing the Combined Hearing Notice that contains the address to the Debtors' case website with a link directly to the Plan and Disclosure Statement.  The website shall contain a copy of the Plan and Disclosure Statement, which can be reviewed online or downloaded and printed.  If a party desires a paper copy of the Plan and/or Disclosure Statement, such party can request that a paper copy be mailed to them if such request is made at least three (3) business days before the Voting Deadline. Such request must be made in writing to the Debtors' voting agent, Prime Clerk LLC (the "Voting Agent") at Dune Energy, Inc. Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 3rd Floor, New

York, NY 10022 or by email duneenergyballots@primeclerk.com. The Debtors request that the Court determine that the Debtors are not required to distribute paper copies of the Plan and Disclosure Statement to holders of claims and interests, unless a party makes a specific written request for copies of such documents.

34.     Upon obtaining Court approval of the procedures set forth in this Motion, the Debtors propose to mail or cause to be mailed Solicitation Packages as discussed more fully below by no later than the Solicitation Date of August 20, 2015.

35.     Solicitation Packages distributed to creditors holding claims in Class 2 (Allowed Secured Tax Claims), Class 3.1 (Allowed First Lien Lender Claims), Class 3.2 (Allowed Other Secured Claims, Class 3.3 (Allowed Second Lien Loan Claims), and Class 4 (Allowed General Unsecured Claims) (collectively, the "Voting Classes") will contain a copy of: (i) the Combined Hearing Notice; (ii) instructions to cast an "E-Ballot" (which shall include a unique electronic authorization identification code for submitting E-Ballots) for voting to accept or reject the Plan as set forth in the Ballot Instructions attached to the Solicitation Procedures Order as Exhibit 2; (iii) any letter of support from the Committee and/or First Lien Agent; and (iv) such other materials as the Court may direct.  Notwithstanding anything to the contrary contained in this Solicitation Procedures Motion, any creditor that has filed or purchased duplicate claims (as determined on the face of such claims or after a reasonable review of the supporting documentation by the Voting Agent) within the same Voting Class shall be provided with only one Solicitation Package and shall be entitled to one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.  The Debtors request that the Court require U.S. Bank National Association, as indenture trustee and collateral agent (the "Second Lien Trustee") for the benefit of holders of the Floating Rate Senior Secured

Notes due 2016 (the "Second Lien Notes") to provide a current list of names and addresses for the holders of the Second Lien Notes and the amount held by each holder as of the Voting Record Date to Prime Clerk LLC, at Dune Energy, Inc. Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or by email duneenergyballots@primeclerk.com within one (1) business day after entry of the Solicitation Procedures Order.

36.     To the extent a creditor in the Voting Classes would rather submit a paper ballot instead of an E-Ballot, the Debtors request authority to provide a paper ballot substantially in the form of Official Form 14 as part of the Solicitation Package for that creditor.

37.     Solicitation Packages distributed to holders of Claims in Class 1 (Allowed Priority Employee Claims, Class 1.2 (Allowed Priority Unsecured Non-Tax Claims), Class 5 (Allowed Subordinated Claims), and to holders of Interests in Class 6 (Allowed Equity Interests) (collectively, the "Non-Voting Classes"), will contain a copy of (i) the Combined Hearing Notice and (ii) the appropriate Notice of Non-Voting Status described below.  The Debtors request that, consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Non-Voting Classes receive a Solicitation Package that does not include Ballot Instructions.

38.     The Debtors further request that the Court determine that the Debtors are not required to distribute paper copies of the Plan and Disclosure Statement to holders of such claims and interests in the Voting Classes and the Non-Voting Classes, unless a party makes a specific written request to the Debtors' voting agent, Prime Clerk LLC, at Dune Energy, Inc. Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or by email duneenergyballots@primeclerk.com at least three (3) days before the Combined Hearing.

39. With respect to any transferred Claim, if the transferor of such Claim is entitled to vote to accept or reject the Plan, the Debtors propose that the transferee be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.

40. Further, the Debtors will distribute, or cause to be distributed by the Solicitation Date, the Combined Hearing Notice and any other materials as the Court may direct to all parties on the Debtors' master service list maintained in these Chapter 11 Cases.

41. Certain notices mailed during the course of these Chapter 11 Cases have been returned as undeliverable by the United States Postal Service. The Debtors submit that it would be wasteful to mail Solicitation Packages to the same addresses to which undeliverable notices were mailed. Therefore, the Debtors seek Court approval to depart from the strict notice rule, excusing the Debtors from mailing Solicitation Packages to those entities listed at such addresses unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date.

42. The Debtors submit that they have shown good cause for implementing the foregoing notice and service procedures.

**III.    Use of E-Ballots and Notices to Non-Voting Classes**

**A.    Approval of Use of E-Ballots**

43. Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." As indicated above, the Debtors propose to solicit votes from holders of claims in Class 2, Class 3.1, Class 3.2, Class 3.3, and Class 4.

44.     Because of the limited amount of funds available to the Debtors under the Post-Closing Budget, the Debtors seek authority to accept Ballots via electronic, online transmission through a customized "E-Ballot" section on the Debtors' case website located at https://cases.primeclerk.com/duneenergy.  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot solely by utilizing Prime Clerk's E-Ballot platform.  Instructions for casting an E-Ballot can be found by clicking on the "E-Ballot" section of the Debtors' website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any E-Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Creditors who do not wish to vote by E-Ballot may request a paper ballot by contacting Dune Energy, Inc. Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022 or by email at duneenergyballots@primeclerk.com.  Creditors who cast an electronic Ballot may not also submit a paper Ballot.  If a creditor casts both an electronic Ballot and a paper Ballot with respect to the same claim, the paper Ballot shall not be counted.

45.     The forms of the E-Ballot shall contain the information provided in Official Form No. 14 but may be modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information that the Debtors believe to be relevant and appropriate for each class of claims that is entitled to vote to accept or reject the Plan.  Each creditor entitled to vote shall receive a unique identification key which authorizes such creditor to submit an E-Ballot (an "E-Ballot ID#").  The appropriate E-Ballot ID# will be distributed to holders of claims in the Voting Classes.  All other classes are either (i) unimpaired and conclusively presumed to have accepted the Plan, or (ii) receiving no distribution and deemed to have rejected the Plan.

46.     The Debtors submit that in light of the facts and circumstances of these Chapter 11 Cases, the use of E-Ballots is appropriate and should be approved.

**B.**     **Notice to Non-Voting Classes Conclusively Presumed to Accept the Plan**

47.     Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).  The holders of claims in Class 1.1 (Allowed Priority Employee Claims) and Class 1.2 (Allowed Priority Unsecured Non-Tax Claims), (collectively, the "Unimpaired Non-Voting Classes") are unimpaired under the Plan.  Therefore, the holders of claims and interests in such classes are conclusively presumed to accept the Plan.  11 U.S.C. § 1126(f).

48.     Consistent with Bankruptcy Rule 3017(d), the Debtors propose to send to holders of such unimpaired claims a Combined Hearing Notice and a Notice of Non-Voting Status, substantially in the form annexed to the Solicitation Procedures Order as Exhibit 3 (the "Notice of Unimpaired Non-Voting Status"), which identifies each such class as unimpaired and provides instructions to such holders of unimpaired claims regarding the availability of the Plan and Disclosure Statement and how copies may be obtained.  As noted above, the Debtors request that the Court determine that they are not required to distribute copies of the Plan and Disclosure Statement, to any holder of a claim in the Unimpaired Non-Voting Classes, unless such party makes a written request for copies of such documents to the Voting Agent at Dune Energy, Inc.

Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, Phone: (855) 410-7360, or by email at duneenergyballots@primeclerk.com.

        **C.**      **Notice to Non-Voting Classes Deemed to Reject the Plan**

49.      The holders of interests in Class 5 (Subordinated Claims) and Class 6 (Equity Interests in Debtors) (the "Impaired Non-Voting Classes") are not receiving distributions under the Plan; thus, the holders of such interests are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code. *See* 11 U.S.C. § 1126(g). The Debtors propose to mail to holders of interests in the Impaired Non-Voting Classes a Combined Hearing Notice and a Notice of Non-Voting Status (the "Notice of Impaired Non-Voting Status"), substantially in the form annexed to the Solicitation Procedures Order as Exhibit 4, which informs the holder of a claim or an interest in the Impaired Non-Voting Classes that it will receive no recovery under the Plan, is not entitled to vote and, therefore, is deemed to have rejected the Plan. The Notice of Impaired Non-Voting Status also sets forth the manner in which the holders of claims and interests in such classes may obtain a copy of the Plan and Disclosure Statement.

50.      The Debtors submit that the Notice of Impaired Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules. The Debtors request that the Court determine that they are not required to distribute paper copies of the Plan and Disclosure Statement to any holder of an interest in the Impaired Non-Voting Classes, unless such party makes a written request for copies of such documents to the Voting Agent at Dune Energy, Inc. Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, Phone: (855) 410-7360, or by email at duneenergyballots@primeclerk.com, for copies of such documents. The Debtors therefore request that the Court approve the Notice of Impaired Non-Voting Status.

## IV.  Voting and Tabulation Procedures and Voting Deadline

### A.  Establishing Voting Deadline for Receipt of Ballots

51.  Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  The Debtors expect to complete mailing of the Solicitation Packages by the Solicitation Date.  For a ballot to be counted as a vote to accept or reject the Plan, the Debtors propose that each ballot (whether as an E-Ballot or as a paper ballot) must be actually received by no later than **4:00 p.m. C.D.T. on September 10, 2015**, (the "Voting Deadline"), which is 21 days after the Solicitation Date.  The Debtors submit that such solicitation period is a sufficient period within which creditors can make an informed decision regarding whether to accept or reject the Plan.

### B.  Approval of Voting and Tabulation Procedures

52.  Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

53.  Because the Debtors are requesting substantive consolidation of their Estates under the Plan, the Debtors request that notwithstanding a creditor's filing of proofs of claim against multiple Debtors, such creditor's claim shall only be counted once for voting purposes. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance

of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors in any other context, the Debtors propose that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the amount of such claim as set forth in the Debtors' Schedules of Assets and Liabilities (the ("Schedules").  The foregoing general procedure will be subject to the following exceptions:

(a)      If a claim is allowed under the Plan or by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the Plan or the order;

(b)      If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (h) below;

(c)      If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)      If a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (h) below;

(e)      If a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, the Debtors propose that such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f)      If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g)     If a creditor has filed proofs of claim against multiple Debtors, such creditor's claim shall only be counted once for voting purposes;

(h)     If the Debtors have served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes unless a motion for temporary allowance is filed and approved by the Court; provided, however, that if such objection is an objection to reduce the amount of the claim and no motion for temporary allowance is filed, the claim shall be allowed to be voted in the reduced amount;

(i)     Claims scheduled in the Debtors' Schedules or filed in the amount $0.00 are not entitled to vote; and

(j)     If a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether the Debtors have objected to such earlier-filed claim.

54.     The Debtors propose that the following procedures shall apply for tabulating votes:

(a)     any Ballot that is otherwise timely completed, executed, and properly cast to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted; if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed to have voted to accept the Plan;

(b)     if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last properly cast Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots;

(c)     creditors must vote all of their claims within a particular class to either accept or reject the Plan, and may not split their votes within a particular class and thus a Ballot (or group of Ballots) within a particular class that partially accepts and partially rejects the Plan shall not be counted;

(d)     a creditor who votes an amount related to a claim that has been paid or otherwise satisfied in full or in part shall only be counted for the amount that remains unpaid or not satisfied, and if such claim has been fully paid or otherwise satisfied, such vote will not be counted for purposes of amount or number;  and

(e)     except as otherwise provided in this Motion, for purposes of determining whether the numerosity and amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

55.     The Debtors further propose that the following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(a)     any Ballot received after the Voting Deadline, unless the Debtors, in their discretion, grant an extension of the Voting Deadline with respect to such Ballot;

(b)     any Ballot that is illegible or contains insufficient information to permit identification of the voter;

(c)     any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan;

(d)     any unsigned Ballot or does not contain an original signature; and

(e)     any Ballot transmitted to the Voting Agent by facsimile or email, unless the Debtors in their discretion permit such method of delivery.

56.     The Debtors, in their discretion, may allow any claimant who submits a properly completed Ballot to supersede or withdraw such Ballot on or before the Voting Deadline.  In the event that the Debtors permit such supersession or withdrawal, the claimant, for cause, may change or withdraw its acceptance or rejection of the Plan in accordance with Bankruptcy Rule 3018(a).  Notwithstanding anything contained herein to the contrary, the Debtors propose that the Voting Agent, in its discretion, may, but is not required to, contact voters to cure any defects in the Ballots and is authorized to so cure any defects.  The Debtors further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any

24

defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote-tabulation certification prepared by the Voting Agent.

57.     If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on counsel for the Debtors and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the seventh (7th) calendar day before the Voting Deadline.  The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

58.     The Debtors believe that the proposed voting and tabulation procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify the obligations of every holder of a claim entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirement of section 1126(c) of the Bankruptcy Code.  Accordingly, the Debtors submit that the voting and tabulation procedures are in the best interests of the Debtors' estates, holders of claims, and other parties in interest, that such procedures provide for a fair and equitable voting process, and that good cause supports the relief requested herein.  Accordingly, the Debtors submit that the voting and tabulation procedures should be approved.

### NON-SUBSTANTIVE MODIFICATIONS

59.     The Debtors request authorization to make non-substantive modifications to the Combined Hearing Notice, Solicitation Packages, Notices of Non-Voting Status, Ballots, and related documents without further order of the Court, including modifications to correct

typographical and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement, Plan, and any other materials in the Solicitation Packages prior to distribution.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) granting the relief requested herein and (b) granting such other and further relief the Court deems just and proper.

Dated: August 10, 2015

Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr.
Texas Bar No. 02016600
Kenric D. Kattner
Texas Bar No. 11108400
Kourtney Lyda
Texas Bar No. 24013330
Kelli Stephenson
Texas Bar No. 24070678
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Fax: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: kenric.kattner@haynesboone.com

**COUNSEL TO DEBTORS-IN-POSSESSION**